UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGELA D. JOHNSON, )<br>, )<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>)<br>DYKSTRA COMPANIES LLC, a Michigan corporation; )<br>DYKSTRA PROPERTIES LLC, a Michigan corporation; )<br>DYKSTRA TRUCKING & EXCAVATING LLC, a )<br>Michigan corporation; KEVIN L. BAXTER; VAN )<br>KAMPEN FREIGHT SERVICES, INC., a Michigan )<br>corporation; CHARTER HOUSE HOLDINGS LLC d/b/a )<br>CHARTER HOUSE/CHARTER HOUSE )<br>INNOVATIONS/CHI-CHARTER HOUSE, a Michigan )<br>corporation; APEX CAPITAL CORP., a Texas corporation;)<br>M.C. VAN KAMPEN TRUCKING, INC. d/b/a M.C. )<br>VANKAMPEN TRUCKING, VAN KAMPEN FREIGHT )<br>SERVICES, VAN KAMPEN FREIGHT SERVICES INC., )<br>and VANKAMPEN TRUCKING, a Michigan corporation, )<br>)<br>      Defendants. ) | CAUSE NO.: 2:23-CV-272-JD-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. Defendants Dykstra Properties, LLC and Kevin L. Baxter ("the Removing Defendants")[1] removed this state court complaint alleging personal injuries from a motor vehicle accident based on federal diversity jurisdiction. *See* 28 U.S.C.

---

[1] Where the complaint names multiple defendants, generally all defendants must join in or consent to the removal, except those defendants who have not been properly joined and served. 28 U.S.C. § 1446(2)(a). While the Notice of Removal states that the Removing Defendants are the only defendants to have *answered* the complaint, it provides no explanation for omitting the consent of the six, non-answering defendants. *See Simmons ex rel. Simmons v. COA, Inc.,* No. 2:12 CV 39, 2012 WL 1947172, at *1 (N.D. Ind. May 30, 2012) ("A petition that omits the consent of all parties and does not provide an explanation is defective on its face."). Nevertheless, the Court infers from the state court record (filed with the Notice of Removal) that the Removing Defendants are the only defendants who were *served* when the Notice of Removal was filed.

§1441(a); 28 U.S.C. § 1332(a). The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and remand this action if it finds that subject matter jurisdiction is lacking, 28 U.S.C. § 1447(c). As the parties seeking federal jurisdiction, the Removing Defendants have the burden of pleading and establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as the plaintiff, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). The Removing Defendants will be ordered to file a supplemental jurisdictional statement clarifying the relevant facts, as stated herein.

*Complete Diversity Requirement*

1. *Applicable Date(s) for Evaluating the Existence of Jurisdiction*

The Notice of Removal alleges that Plaintiff was domiciled in Ohio, and therefore was a citizen of that state, at the time the complaint was filed. [DE 1 ¶¶ 10-12]. However, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted). Accordingly, the Removing Defendants must file a supplemental statement to clarify that their allegations regarding Plaintiff's citizenship are made both as to the date on which the state court complaint was filed and the date on which the Removing Defendants removed the action to this Court. The Removing Defendants should do the same with regard to the jurisdictional allegations for each of the defendants as well.

    2.    *The Removing Defendants*

        (a)    *Kevin L. Baxter*

The Notice of Removal alleges that, "[u]pon information and belief, Defendant Kevin L. Baxter was a citizen of the State of Georgia and was domiciled in [that state] at the time suit was filed." [DE 1 ¶ 13]. The additional factual allegations supporting this allegation are as follows:

> Upon information and belief, Defendant, Kevin L. Baxter was domiciled in the State of Georgia based upon his last known address of 22321 Excelsior Church Road, Metter, Georgia, which was contained within the Indiana Officer's Standard Crash Report of July 21, 2021.

[*Id.* ¶ 12].

A party may plead facts "upon information and belief" if "the missing pieces [of information] are outside of its control." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 444 (7th Cir. 2011). For this reason, the Court accepts the Removing Defendants' jurisdictional factual allegations made upon information and belief regarding Plaintiff and other defendants. The "information and belief" qualification as to those parties sensibly indicates that the allegation is made in good faith "based on secondhand information that [the pleader] believes to be true." *Id.* at 442. But the Removing Defendants "ha[ve] not suggested (much less explained why) [they] do[ ] not have the requisite [first-hand] knowledge" of the relevant jurisdictional facts for *themselves*. *Id.* Accordingly, the Removing Defendants must file a supplemental statement clarifying why the allegations as to one of them—Defendant Kevin L Baxter—are made "upon information and belief."[2]

---

[2] The Joint Defendants' answer to the amended state court complaint admits the allegation that Defendant Baxter resides in Georgia without any information and belief qualification. [DE 1-21 at 3 (¶ 5)]. Yet the Notice of Removal states that "[i]t is currently unknown if the Defendant, Kevin L. Baxter, was served with a copy of the Summons and Complaint at Law by a special process server," and that "[s]ervice of a copy of the Summons and Complaint at Law was attempted by certified mail on the Defendant, Kevin L. Baxter, but was returned as unclaimed or unable to

(b)     *Dykstra Properties, LLC*

The Notice of Removal cites to the rule for determining the citizenship of a corporation (28 U.S.C. § 1332(c)(1)), and then alleges that Dykstra Properties, LLC was a limited liability corporation with its principal place of business in Michigan. [DE 1 ¶¶ 14, 15]. But Dykstra Properties, LLC is *not* a corporation; it is a limited liability company. The citizenship of an LLC for purposes of the diversity statute is determined not by § 1332(c)(1) but by the citizenship of each of its members, who must be identified. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Fortunately, the Notice of Removal also alleges that Michael Dykstra[3] was the sole member of Dykstra Properties, LLC before it ceased operations on March 31, 2023, and that he is domiciled in Michigan. [DE 1 ¶¶ 15-16]. Accordingly, Defendant Dykstra Properties, LLC is a citizen of Michigan, and no supplementation is needed as to this Defendant other than on the timing issue noted previously as to the jurisdictional allegations about the Plaintiff.

---

forward." [DE 1 ¶ 4]. The two returns of service in the record indicate that service on Baxter was attempted at the Georgia address used in the Notice of Removal for alleging Baxter's citizenship "upon information and belief." *See* [DE 1-16; DE 1-17]. The fact that service was returned as undeliverable could mean that Baxter no longer resides at that address when the state court complaint was filed. All of this points to the possibility that the reason for the "information and belief" qualification is that *counsel* does not have the necessary information about Baxter, his own client, to confirm where he lives or lived when the state court complaint and Notice of Removal each were filed. If that is the case, then that circumstance too would require an explanation. Baxter presumably retained counsel to represent him, as counsel entered an appearance on Baxter's behalf. [DE 1-8]. But if counsel does not know where Baxter lives, does not know whether he has received service, and cannot say for certain if he was domiciled in Georgia on date of the state court filing and counsel's removal, then that suggests counsel may no longer be in communication with his client.

[3] Or "Dystrka," depending on which of two spellings used in the Notice of Removal is the correct one. The Court will use the spelling that matches that of the corporate entities' names.

3. *The Remaining Defendants*

    (a)    *Dykstra Companies, LLC*

The Notice of Removal alleges that Dykstra Companies, LLC was a limited liability company, and that Michael Dykstra was its sole member. As previously noted, Michael Dykstra is properly alleged as being a citizen of Michigan. Accordingly, Defendant Dykstra Companies, LLC is also a Michigan citizen, and no supplementation is needed other than on the timing issue.

    (b)    *Dykstra Trucking & Excavating, LLC; and*
    (c)    *Charter House Holdings, LLC d/b/a Charter House/*
            *Charter House Innovations/Chi-Charter House*

The Notice of Removal alleges that Dykstra Trucking & Excavating, LLC has no affiliation to Michael Dykstra, Dykstra Properties, LLC, or Dykstra Companies, LLC. [DE 1 ¶ 18]. However, it alleges upon information and belief that Dykstra Trucking & Excavating, LLC "is a limited liability corporation with its principal place of business in … Michigan," and therefore, that it is a citizen of Michigan. [*Id.*]. Similarly, the Notice of Removal alleges that the Charter House defendant is a limited liability company, but it only alleges that company's principal place of business in Michigan. [*Id.* ¶ 19].

As previously noted, a limited liability company's citizenship is not determined by where it is organized or its principal place of business. "[A] limited [liability company] has the citizenships of each [member]." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (applying same rule to limited partnership). Moreover, the citizenship of each member must be "traced through multiple levels" for members that in turn have members. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). All members and their citizenship through every level must be named and identified. *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 693 (7th Cir. 2003), *Thomas,* 487 F.3d at 534.

5

Accordingly, the Removing Defendants must file a supplemental statement providing the additional information needed for the Court to determine the citizenship of Dykstra Trucking & Excavating, LLC and the Charter House defendants.

>   (d) Apex Capital Corporation;
>
>   (e) Van Kampen Freight Services, Inc.; and
>
>   (f) M.C. Van Kampen Trucking, Inc. d/b/a M.C. Vankampen Trucking, Van Kampen Freight Services, Inc., and Vankampen Trucking

The Notice of Removal alleges that (1) Apex Capital Corporation "is a foreign corporation with its principal place of business" in Texas; (2) Van Kampen Freight Services, Inc. "is a foreign corporation with its principal place of business" in Michigan; and (3) M.C. Van Kampen Trucking, Inc. d/b/a M.C. Vankampen Trucking, Van Kampen Freight Services, Inc., and Vankampen Trucking "is a foreign corporation with its principal place of business" also in Michigan. *See* [DE 1 ¶¶ 20-22].

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[I]n cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998). The Removing Parties have only alleged the principal place of business for each of these three defendants. Alleging that each is a "foreign corporation" is not sufficient because it does not identify the place of incorporation. *See Dalton v. Teva N. Am.,* 891 F.3d 687, 690 (7th Cir. 2018) (holding that an allegation that the defendant is a citizen of "another state different from the Plaintiff" is insufficient); *Dancel v. Groupon, Inc.,* 940 F.3d 381, 385–86 (7th Cir. 2019) (holding that an "allegation of negative citizenship" is insufficient). Accordingly, the Removing Defendants must

file a supplemental statement alleging the state of incorporation for Apex Capital Corporation, Van Kampen Freight Services, Inc., and M.C. Van Kampen Trucking, Inc. d/b/a M.C. Vankampen Trucking, Van Kampen Freight Services, Inc., and Vankampen Trucking.

### *Amount in Controversy*

The Seventh Circuit "generally treat[s] the amount-in-controversy threshold as a 'pleading requirement.'" *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (quoting *Blomberg v. Serv. Corp., Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). "Once the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed" the amount-in-controversy threshold of a jurisdictional statute, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* (emphasis added) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). Here, the Notice of Removal alleges that, upon information and belief, the amount in controversy exceeds the jurisdictional minimum of $75,000 "because Plaintiff is claiming serious personal injuries and damages (past and future), and pain and suffering arising out of the subject accident." [DE 1 ¶ 24]. While this allegation refers to categories of recoverable damages, for which the total amount in controversy might exceed $75,000, it fails to specify any dollar amount plausibly supported by facts in the record such that the Court can determine that in excess of $75,000 is in controversy.

Plaintiff's allegations in the state court complaint that she sustained serious personal injuries and damages (past and future) certainly suggest that it is possible the amount in controversy exceeds $75,000. But the Seventh Circuit has demanded greater specificity before a defendant may remove a case to federal court based on diversity jurisdiction. To remove a case based on an allegation that the jurisdictional minimum is satisfied by the plaintiff's state court

7

complaint where, as here, that complaint neither makes a demand for a specific sum nor contains facts from which that amount can be calculated, the defendant must:

> receive[ ] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, *the pleading or other paper must specifically disclose the amount of monetary damages sought*. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Walker v. Trailer Transit, Inc*., 727 F.3d 819, 824 (7th Cir. 2013) (emphasis added).

Prior to *Walker*, district courts frequently upheld removal based on allegations in a state court complaint of "permanent and severe personal injuries." But under the standard enunciated in *Walker,* such allegations by themselves do not trigger a defendant's right to remove under the diversity statute because they do not disclose a specific amount of monetary damages sought by the plaintiff. *See, e.g., Redfield v. Uthe*, No. 2:20-cv-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021) (finding that state court complaint did not trigger federal diversity jurisdiction because, "[a]lthough [it] alleges damages that include permanent and severe personal injuries, medical expenses, and lost wages and seeks punitive damages, the Complaint does not contain a dollar amount of damages sought"). A defendant wishing to remove a complaint without a "specific[ ] disclos[ure] [of] the amount of monetary damages sought" must use other means to seek that information such as jurisdictional requests for admission or interrogatories, *prior to* removing. *Id.* at 824 n.4. The defendant can also ask the plaintiff in writing to stipulate that her damages do not exceed $75,000, and a written refusal or failure to stipulate would be sufficient.[4]

---

[4] *See, e.g., Kadambi v. Express Scripts, Inc.,* No. 1:13-cv-321-JD-RBC, 2014 WL 2589673, at *7 (N.D. Ind. June 10, 2014) ("where a plaintiff does not stipulate to damages below the jurisdictional amount after being requested to do so, 'the inference arises that he thinks his claim may be worth more'" (quoting *Workman v. United Parcel Serv., Inc*., 234 F.3d 998, 1000 (7th Cir. 2000));

**CONCLUSION**

Given the importance of determining the Court's jurisdiction to hear this case, the Removing Defendants must supplement the allegations in the Notice of Removal by filing a Jurisdictional Statement alleging facts from which this Court may determine its jurisdiction, as outlined above. The Court **ORDERS** the Removing Defendants to **FILE** their Jurisdictional Statement on or before **August 31, 2023**. If the Removing Defendants are unable to properly allege diversity jurisdiction after having made a reasonable investigation of the pertinent facts they may file an agreed motion to remand to state court instead.

So ORDERED this 11th day of August, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

*Cunningham v. Manpower Professional Servs. Inc*., No. 07-cv-656-JPG, 2008 WL 754004, at 1-3 (S.D. Ill. Mar. 18, 2008) (where defendants announced their intention to remove the case if the plaintiff did not stipulate that she would limit her request for damages to less than the jurisdictional minimum, and the plaintiff did not respond so the defendants removed the case, court holds that the plaintiff's post-removal affidavit stating that her damages did not exceed $75,000 came "too late to shed light on the amount in controversy at the time of removal" (citing *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"))); *Johnson v. Fortis Ins. Co*., No. 2:05-CV-20 PPS PRC, 2006 WL 1707242, at *3 (N.D. Ind. June 15, 2006) (finding that the defendant had shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 where the plaintiffs denied a request to admit that their total claimed damages did not equal or exceed $75,000, stating that "[t]he only logical conclusion from Plaintiffs' denial is that Plaintiffs believed that their total claim in damages equaled and exceeded $75,000").