UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGELA D. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 2:23-CV-272-PPS ) |
| KEVIN L. BAXTER, et al., | ) ) |
| Defendants. | ) |

# OPINION AND ORDER

Plaintiff, Angela Johnson, was seriously injured in an automobile accident on Interstate 80, in Lake County, Indiana. She has sued a number of different parties but of particular note for present purposes is her claim in Count V of her complaint against Defendant VanKampen Freight, who is, as the name suggests, a freight broker. VanKampen seeks judgment on the pleadings because the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1).

VanKampen filed its motion way back in October 2024. Despite requesting and receiving four extensions of time to file a response [DE 54, 55, 57, 58, 61, 62, 64, 65], Johnson failed to file a response to the motion for judgment on the pleadings. This is, frankly, a perplexing approach to litigation which I cannot condone. What is the purpose of asking for four extensions of time, and then not ultimately filing a response? All this did was belabor the issue and unnecessarily extend the litigation. In all events, the motion for judgment on the pleadings [DE 51] will be granted.

## Background

On July 21, 2021, Defendant Kevin Baxter, a commercial vehicle driver, was operating a tractor-trailer owned by Defendant Dykstra Properties, LLC, which is a commercial motor carrier. [DE 5, ¶¶ 24-26.] At that time, Baxter was transporting a load of goods through Indiana. [*Id.* ¶¶ 12, 24-26.] VanKampen Freight is a federally licensed broker, and it acted as a broker for the shipment and contracted with Dykstra to transport the load. [DE 5, ¶¶ 18, 36-38; DE 26, ¶¶ 24, 36-38.] During transportation of the goods, Baxter allegedly crashed his tractor-trailer into the vehicle owned and operated by Johnson. [DE 5, ¶¶ 15-16.] Johnson sustained serious injuries.

On July 3, 2023, Johnson filed an 11-count amended complaint in state court. [DE 5.] Defendants Dykstra and Baxter removed the case to my court. [DE 1.] Count V is the sole count aimed at VanKampen Freight. [DE 5 at 9.] The other counts (I-IV and VI-XI) are against the other defendants which we can ignore for present purposes. In Count V, Plaintiff alleges that VanKampen Freight was a broker; it was involved in selecting the motor carrier and it breached its duties by negligently hiring Dykstra and Baxter; it negligently retained Dykstra and Baxter despite knowing he posed a safety risk to the motoring public; and it negligently entrusted the load to Dykstra and Baxter despite knowing Baxter was not a qualified, responsible, and competent driver. [DE 5 at 9-10.]

VanKampen Freight filed an answer to the first amended complaint and raised affirmative defenses, including the defense that Plaintiff's claims against it are

preempted by the FAAAA. [DE 26 at 49-50.] They followed that up with the pending motion for judgment on the pleadings.

## Discussion

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is reviewed under the same standard as a motion to dismiss under 12(b) . . . ." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *see also R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). Where a party moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (quotation omitted).

In ruling on a motion for judgment on the pleadings, the court must accept as true "all well-pleaded allegations" and view them in the light most favorable to the nonmoving party, as well as accept as true all reasonable inferences to be drawn from the allegations. *R.J. Corman*, 335 F.3d at 647; *see also Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

In this case, Vankampen Freight has followed the correct procedure for raising this issue. Preemption is an affirmative defense, *S.C. Johnson & Son, Inc. v. Transp. Corp. of Am.*, 697 F.3d 544, 547 (7th Cir. 2012), and the party raising it bears the burden of proof. *Johnson v. Logistics*, No. 16-CV-06776, 2018 WL 1519157, at *3 (N.D. Ill. Mar. 28, 2018) (citing *Fifth Third Bank ex rel. Tr. Officer v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir.

3

2005)).  The Seventh Circuit, observing that "plaintiffs have no duty to anticipate affirmative defenses," has held that in most cases, the "more appropriate" procedure to raise the affirmative defense of FAAAA preemption is to file an answer pleading preemption as an affirmative defense and then move for judgment on the pleadings under Rule 12(c).  *S.C. Johnson & Son, Inc.*, 697 F.3d at 547; *Johnson*, 2018 WL 1519157, at *3.  This is the precise practice VanKampen Freight has used here.

VanKampen Freight contends that Johnson's state law claims of negligence against it must be dismissed because they are preempted by the FAAAA.  The FAAAA was designed by Congress to untangle a web of state laws and regulations affecting the trucking industry and create a more uniform (and federal) paradigm.  *See Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 368 (2008); *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 440 (2002) (noting that intrastate regulation of trucking services had "unreasonably burdened free trade, interstate commerce, and American consumers"). As the Seventh Circuit has stated, "Congress enacted the FAAAA's preemption provision in 1994 with the aim of eliminating the patchwork of state regulation of motor carriers that persisted fourteen years after it had first attempted to deregulate the trucking industry." *Nationwide Freight Sys., Inc. v. Illinois Commerce Comm'n*, 784 F.3d 367, 373 (7th Cir 2015) (citations omitted); *see also City of Columbus*, 536 U.S. at 440 ("[s]tate economic regulation of motor carrier operations [became] a huge problem for national and regional carriers attempting to conduct a standard way of doing business.") (quoting H.R. Conf. Rep. No. 103-677, at 87 (1994)).  And so the

4

FAAAA was enacted in 1994 to eliminate state regulation in the trucking industry and to "promote efficiency, innovation, and low prices through maximum reliance on competitive market forces." *Krauss v. IRIS USA, Inc.*, No. 17-778, 2018 WL 2063839, at *3 (E.D. Penn. May 3, 2018) (quotation marks and citation omitted).

Congress used its preemptive powers to explicitly incorporate a preemption provision into the FAAAA. The Act's general preemption provision prohibits a state from enacting or enforcing a:

> [L]aw, regulation, or other provision having the force and effect of law *related to* a price, route, or *service* of any motor carrier . . . or any motor private carrier, *broker*, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1) (emphasis added). The statute's plain terms cover any enforcement of state laws "related to" a "service" or any "broker" with respect to the "transportation of property." *Id.*

In determining whether a state law claim is subject to FAAAA preemption, the Seventh Circuit has held that two requirements must be met: "[a] state must have enacted or attempted to enforce a law [,]" and "that law must relate to carrier rates, routes, or services 'either by expressly referring to them, or by having a significant economic effect on them.'" *Ga. Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857, at *3 (N.D. Ill. Oct. 26, 2017) (citing *Nationwide Freight Sys. v. Ill. Commerce Comm'n*, 784 F.3d 367, 373-74 (7th Cir. 2015)); *see also Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 458 (7th Cir. 2023). Both of these requisites are met.

5

First, the state common law tort claims like those asserted by Plaintiff in Count V involve state-imposed duties and are a state enforcement action. As the Seventh Circuit recently found, "[c]ommon law tort claims fall comfortably within the language of the preemption provision that, by its terms, applies to state laws, regulations, or other provisions having the force and effect of law." *Ye*, 74 F.4th at 459 (quotation marks and citation omitted) (holding common law negligence claims satisfy the first requirement for preemption under the FAAAA); *see also United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 607 (7th Cir. 2000) (state common law actions are an "other provision having the force and effect of law" for purposes of the Airline Deregulation Act preemption provision).

The second requirement is also met because Plaintiff's state common law negligence claims, regardless of the exact theory, directly relate to and have a significant impact on the core service of VanKampen Freight as a freight broker—selecting motor carriers to transport shipments. As used in the FAAAA, "[the] term 'services' is . . . broad, encompassing 'all elements of the [motor carrier] service bargain." *Midwest Trading Grp., Inc. v. GlobalTranz Enters., Inc.*, No. 12 C 9313, 2015 WL 1043554, at *3 (N.D. Ill. Mar. 5, 2015). The FAAAA defines a broker as a person who sells, provides, and arranges transportation by a motor carrier for compensation, *see* 49 U.S.C. § 13102(2), and similarly, the FAAAA defines "brokerage services" as "the arranging of transportation or the physical movement of a motor vehicle or of property." *See* 49 C.F.R. § 371.2(c). Thus, a plaintiff's claims and allegations "which seek to enforce a duty

6

of care related to how [the broker] arranged for a motor carrier to transport the shipment and arise out of a broker hiring a motor carrier (and any related investigations of that motor carrier) are indeed claims relating to . . . services of any . . . broker and are thus preempted." *Zamorano v. Zyna LLC*, SA-20-CV-151-XR, 2020 WL 2316061, at *5 (W.D. Tex. May 11, 2020) (quotation marks and citation omitted).

In *Ye*, the Seventh Circuit expressly held that the FAAAA preempted a negligence action against a freight broker which hired the motor carrier whose driver caused a fatal accident. 74 F.4th at 460. The Court explained:

> In our view, enforcement of such a claim - and the accompanying imposition of liability – would have a significant economic effect on broker services. By recognizing common-law negligence claims, courts would impose in the name of state law a new and clear duty of care on brokers, the breach of which would result in a monetary judgment. This is exactly what [plaintiff] seeks here against [broker-defendant]. To avoid these costly damages payouts, [broker-defendant] and other brokers would change how they conduct their services – for instance, by incurring new costs to evaluate motor carriers. Then, by changing their hiring processes, brokers would likely hire different motor carriers than they would have otherwise hired without the state negligence standards. Indeed, that is the centerpiece of [plaintiff's] claim: that [broker-defendant] should not have hired [motor carrier].

*Id.* Just as in *Ye*, Johnson is seeking relief under state common law tort claims that really go toward the heart of the freight broker's services by challenging the amount of care the broker took (or failed to take) in hiring a motor carrier to provide shipping services. These common law negligence claims directly relate to VanKampen Freight's services as a broker, and challenge the care it took in hiring Dykstra and Baxter to transport the load. Therefore, it is clear that Johnson's common law negligence claims against

VanKampen Freight are preempted by the FAAAA.

Finally, I note that these claims do not fall within the FAAAA's statutory safety exception. The safety exception states that the preemption provision "shall not restrict the safety regulatory authority of a State *with respect to motor vehicles*." 49 U.S.C. § 14501(c)(2)(A) (emphasis added). *Ye* is directly on point and found the FAAAA's express preemption provision bars state-law negligent hiring claims asserted against freight brokers and that the Act's safety exception does not save such claims. *Ye*, 74 F.4th at 460-64.

## Conclusion

For all of these reasons, Defendant VanKampen Freight Services, Inc.'s motion for judgment on the pleadings [DE 51] is GRANTED. Judgment is entered in favor of Defendant VanKampen Freight Services, Inc. as to Count V of Plaintiff Angela Johnson's first amended complaint for damages, and Count V is DISMISSED WITH PREJUDICE. The Clerk is ORDERED to terminate Defendant VanKampen Freight Services, Inc., from this case. The case remains pending against the remaining defendants.

SO ORDERED.

ENTERED: April 15, 2025.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**